## DANIEL DOUGHERTY *v.* EDWARD GALLAGHER.

In an action for wages as a seaman, proof that the plaintiff worked on board a sloop and that the defendant was the owner thereof, is *primâ facie* sufficient to sustain a recovery.

But where the master testified, that he and the defendant were jointly interested in the business wherein the sloop was employed—that by arrangement between them, the defendant was to pay half the dockage and the witness to pay the hands—that the witness engaged the plaintiff and then told him of the arrangement and that he was to look to the witness for his wages; *held*, that this testimony being uncontradicted, established a special agreement between the witness and the plaintiff, and formed a bar to the action against the defendant.

APPEAL by the owner of a sloop from a judgment rendered in the Marine Court in favor of the assignee of a claim for a seaman's wages. The proofs upon which the appeal was determined appear fully in the opinion.

*Jacob I. Radcliffe* and *David P. Whedon*, for the defendant, cited an unpublished case, entitled *Jarvis* v. *Baxter*, decided by BETTS, J., in the United States District Court, in this district, in 1849 or 1850.

*Alanson Nash*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—At the time the motion for a nonsuit was made, there was sufficient evidence to warrant the judgment afterwards given. That motion, therefore, was properly denied. It appeared that the person whose wages were claimed had worked for more than a month on board of the sloop at $10 per month, and that the defendant was the owner. This was a *primâ facie* case to support the plaintiff's action.

A witness—the master of the vessel—on the part of the defendant, testified that he and the defendant were jointly interested in the business; that the defendant paid half the dockage, and that the witness paid the hands; that the witness engaged

the plaintiff, and then told him the arrangement, and that he was to look to the witness for his wages.

This witness is not contradicted by any one, and I am at a loss to see how a special bargain between the parties, as proved by the witness, can be disregarded. His evidence establishes the fact of an agreement between the witness and Dougherty, that he was employed by the witness, and was to look to the witness for his wages. The parties had a right to make a special contract of this nature, and they should be bound by it. The judgment should be reversed.

Judgment reversed.